**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ERICK ELIZONDO, | |
| Plaintiff, | Case No. 21-CV-7928 |
| v. | |
| SELINA OPERATIONS US CORPORATION, | **COMPLAINT** |
| Defendant. | **JURY TRIAL DEMANDED** |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Erick Elizondo ("Plaintiff" or "Mr. Elizondo"), by and through his attorneys, Danny Grace, P.C., as and for his Complaint in this action against Defendant Selina Operations US Corporation (the "Company" or "Selina") alleges upon personal knowledge and upon information and belief as to the matters as follows:

**NATURE OF THE CLAIMS**

1.  This is an action seeking monetary damages and equitable relief to redress Defendant's breach of contract and unlawful employment practices against Plaintiff, including failure to pay Plaintiff a severance payment as agreed by the parties.

2.  Defendant's unlawful conduct was knowing, malicious, willful and wanton and/or showed a reckless disregard for Plaintiff, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, and severe mental anguish and emotional distress.

1

## JURISDICTION AND VENUE

3. This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is a diversity of citizenship between Plaintiff, a citizen of the State of Florida and Defendant Selina Operations US Corporation, a foreign business corporation with a principal place of business in New York, New York, and this action involves a matter in controversy that exceeds the sum of $75,000.00, exclusive of interest and costs.

4. This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a).

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1391, because Defendant is a corporation residing and doing business in this District.

## PARTIES

7. Plaintiff Erick Elizondo, a former employee of Selina Operations US Corporation is a citizen of, and is domiciled in, the State of Florida. At all relevant times, Plaintiff met the definition of an "employee" under all applicable statutes.

8. Upon information and belief, Defendant Selina Operations US Corporation is a foreign business corporation organized and doing business under the laws of the State of Delaware with a principal place of business located at 12 Vestry Street, FL 6, New York, New York 10013. At all times relevant herein, Selina was and is an "employer" under all applicable statutes.

**PROCEDURAL REQUIREMENT**

9. Any and all other prerequisites to the filing of this suit have been met.

**FACTUAL ALLEGATIONS**

10. On July 1, 2019, Defendant employed Plaintiff as their Country Food and Beverage Director with an annual salary of $200,000.00.

11. Plaintiff's salary was raised to $225,000.00 by the time of his unlawful termination by Defendant.

12. Plaintiff was subjected to discrimination, physical assault, and physical harassment since December 2019. He was also subjected to continual harassment and retaliation after he complained about the discrimination that he suffered.

13. In retaliation, Defendant terminated Plaintiff over the phone without any prior notice on January 2, 2020. Defendant notified Plaintiff that his final working date with Defendant was January 17, 2020.

14. After his termination and upon Plaintiff alleging that his termination was unlawful, Plaintiff and Defendant extensively negotiated a severance package which ultimately guaranteed that Defendant would pay Plaintiff Ninety-Five Thousand Dollars ($95,000.00) in exchange for a release of claims stemming from Plaintiff's allegations of unlawful employment practices.

15. After the parties had agreed to the amount that Plaintiff should be paid, they agreed that Defendant would pay Plaintiff in eight (8) equal monthly installments.

16. To memorialize their agreement on all matters, Defendant and Plaintiff then entered into a Separation Agreement and Release of Claims (the "Agreement") on March 1, 2020. See Exhibit 1.

17. Pursuant to the Agreement, Defendant agreed to pay Plaintiff Ninety-Five Thousand Dollars ($95,000.00) in exchange for a release of Plaintiff's claims against Defendant, including Defendant's malicious; discriminatory and retaliatory employment practices, the return of Company property; executing a nondisclosure agreement; and being bound by a non-disparagement clause.

18. After a period of contemplation and evaluation, Plaintiff signed the Agreement on March 1, 2020, and returned it to Defendant per Defendant's request.

19. On the same date, Plaintiff signed the accompanying Nondisclosure Agreement and returned it to Defendant.

20. Plaintiff complied with the Separation Agreement and Release of Claims by: (1) signing and complying with the Non-Disclosure Agreement; (2) not filing a discriminatory charge with any administrative agency and/or other government agency; and (3) not filing a federal and/or state court claim for Defendant's underlying unlawful employment practices.

21. Defendant, however, failed to perform its obligations under the Agreement and breached the Agreement by not paying one cent of the agreed upon severance amount.

22. Since April 2020, Plaintiff has diligently and repeatedly asked Defendant to comply with the Agreement to no avail.

23. Simply put, Defendant has outright ignored Plaintiff since it got the signed Agreement it desired.

24. In an effort to further induce Defendant to uphold their side of the Agreement Plaintiff told Defendant he would also end his COBRA coverage even if such a premise was not contemplated in the Agreement.

25. In response on May 7, 2020, after admitting to the existence of the signed Agreement, Defendant took advantage of Plaintiff's compromise regarding the COBRA and told Plaintiff that they wished to restart negotiations.

26. Of course, Plaintiff denied this request and requested the Defendant honor the valid Agreement.

27. Plaintiff did not file a claim against Defendant in any governmental agencies and/or courts, for the discriminatory and retaliatory employment practices of Defendant and is now prejudiced by Defendant as a result[1].

28. This Complaint ensues, as Plaintiff has exhausted all available means in pursuit of his severance payment pursuant to the Agreement.

## FIRST CAUSE OF ACTION
**(Breach of Contract - Failure to Pay Severance Payment)**

29. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

30. Mutual consideration was present, and all parties had the competence and consent to enter contract.

31. Plaintiff performed his obligations under the Agreement by executing a release of claims and not filing a charge with any agency or court based on his underlying allegations.

---

[1] Such prejudice includes, for example, being barred by Federal statutes of limitations having not filed a charge with the Equal Employment Opportunity Commission ("EEOC") within the period prescribed by law.

32. Defendant breached the Agreement by failing to pay any of the agreed upon severance payments.

33. All elements of a valid enforceable contract were present.

34. By reason of said breach of contract, Plaintiff is entitled to damages in an amount to be proven at trial but no less than $95,000.00 plus pre-judgment interest, damages, costs, and attorney fees.

## SECOND CAUSE OF ACTION
### (Promissory Estoppel)

35. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

36. Defendant made a significant promise in the form of an agreement to compensate Plaintiff for his severance and release of claims against Defendant.

37. Plaintiff acted upon it by accepting the promise and refraining from filing a charge with an agency or court in connection with his underlying allegations.

38. Plaintiff suffered significant detriment as a result, as he executed a release and is subject to statutes of limitations based on his underlying claims.

39. Were it not for the promise made by Defendant, Plaintiff would not have released his claims and would have pursued them through litigation.

40. All elements of promissory estoppel are present.

41. By reason of said breach, Plaintiff is entitled to damages in an amount to be proved at trial but no less than $95,000.00 plus pre-judgment interest, damages, costs, and attorney fees.

## THIRD CAUSE OF ACTION
### (Unjust Enrichment)

42. Plaintiff hereby repeats and realleges each and every allegation in each of the preceding paragraphs as if fully set forth herein.

43. Defendant breached the Agreement by failing to pay Plaintiff the promised severance pay in exchange for Plaintiff's release.

44. As a result, Defendant, its owners and subsidiaries were unjustly enriched to the detriment of Plaintiff.

45. All elements of unjust enrichment are present.

46. By reason of said unjust enrichment, Plaintiff is entitled to damages in amount to be proved at trial but no less than $95,000.00 plus prejudgment interests, damages, costs, and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the State of New York;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic harm;

D. An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest; and

E. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, NY
       September 23, 2021

DANNY GRACE, P.C.
*Attorneys for Plaintiff*

225 Broadway, Suite 1200
New York, NY 10007
(646) 515-2821

_____/s/_____
Daniel Grace